**Alfonso RAMIREZ–ARIAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 99–71370.
I & NS No. A92–523–694.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 7, 2001.

Decided March 28, 2001.

### MEMORANDUM ***

---

** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

Before HUG, and B. FLETCHER, Circuit Judges, KING, District Judge.[1]

## MEMORANDUM [2]

Alfonso Ramirez–Arias ("Ramirez–Arias"), a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") order finding Ramirez–Arias excludable and deportable pursuant to INA § 212(a)(6)(E)(i) following exclusion proceedings held in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[3] and we grant Ramirez–Arias's

petition for review. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our decision.

■ Ramirez–Arias argues that the IJ abused his discretion when he denied Ramirez–Arias's motion to continue and held the exclusion hearing in absentia. Immigration Regulations provide that an IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 3.29. The applicable regulations do not define good cause. "Decisions to grant or deny motions to defer or continue deportation or exclusion proceedings are vested in the sound discretion of the trial judge and reviewed under an abuse of discretion standard." *Barapind v. Reno*, 225 F.3d 1100, 1113 (9th Cir.2000).

■ In this case, the IJ denied the motion for a continuance and conducted the exclusion hearing in absentia, *see* 8 C.F.R. § 3.26, because the IJ timely notified Ramirez–Arias's attorney of the hearing date. *See* 8 C.F.R. §§ 3.18, 292.5. While we accord the IJ's determinations due deference, we note that his discretion is not without limits. *Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988). In *Baires*, we observed that our review of a continuance denial "cannot be decided through the application of bright-line rules; it must be resolved on a case by case basis according to the facts and circumstances of each case." *Id.* "In particular we cautioned that

1. The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. 104–208, 110 Stat. 3009 (Sept. 30, 1996), repealed this section. However, the IIRIRA provides transitional rules that apply to cases where the deportation proceedings commenced prior to April 1, 1997, and in which a final deportation order was issued on or after October 30, 1996. Because Ramirez–Arias's deportation proceedings commenced on June 12, 1996 and a final order was issued on September 22, 1999 the IIRIRA transitional rules apply to this case.

a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the alien's statutory rights merely an empty formality." *Id.* (internal quotations omitted). We identified four factors that must be considered when determining whether an IJ abused his or her discretion in denying a continuance: (1) the inconvenience to the Immigration Court; (2) the nature of the evidence to be presented and its importance to the alien's claim; (3) whether the need for a continuance is based on the alien's unreasonable conduct; and (4) the number of prior continuances granted the alien and their duration. *Id.* at 93.

Looking to the first factor it is clear that although inconvenience to the Immigration Court was present, it was minimal. It is true that Ramirez–Arias's counsel filed his motion for a continuance only one day prior to the scheduled hearing. As such, the IJ did not rule on the motion until the day of the hearing. Yet, because the motion was filed in advance it would have been possible for the IJ to rule on the motion prior to the commencement of the hearing when all the relevant parties except Ramirez were present. The IJ had done exactly this when the INS filed a motion for continuance just two days prior to the September 4, 1997 hearing upon learning that its witnesses were unavailable to testify. The in absentia hearing that did take place on November 6, 1997 was short as the IJ only dealt with the question of whether to proceed. Thus, the inconvenience suffered by the Immigration Court was de minimis.

The second factor weighs heavily in favor of granting Ramirez–Arias's petition. Ramirez–Arias conceded deportability based on INA § 212(a)(6)(E)(i) so he could apply for a 212(c) waiver of deportation. As a lawful permanent resident, with a wife and four children residing in the United States, the IJ could grant Ramirez– Arias relief from deportation if he demonstrated extreme hardship. Because the IJ denied the motion for a continuance and held that Ramirez–Arias's absence constituted an abandonment of the 212(c) waiver application, Ramirez–Arias was barred from presenting the merits of his waiver application.

The third consideration is whether the need for a continuance is based on the alien's unreasonable conduct. In this case, Ramirez–Arias appeared and testified at all prior hearings. While it is clear that both Ramirez–Arias and his attorney could have been more diligent in their attempts to reach one another to discuss the hearing date, the record contains no evidence of any misconduct or delaying tactics by Ramirez–Arias. The reason Ramirez–Arias was not present at the scheduled hearing was because he did not receive notice from his counsel in time to travel from Iowa where he was temporarily working in the fields. Under these circumstances, we cannot say that Ramirez–Arias's conduct was unreasonable.

In considering the remaining factor, the record shows that the court previously granted two continuances to Ramirez–Arias. Yet, these continuances were requested so Ramirez–Arias could retain counsel and not as a method to delay the proceedings. Similarly, the IJ had granted a continuance to the INS when the INS learned that its witnesses were unavailable to testify on the scheduled date.

Because the *Baires* factors weigh in favor of Ramirez–Arias, we find that the IJ's denial of the motion for a continuance constituted an abuse of discretion. *Baires,* 856 at 93. Accordingly, we reverse the BIA's decision affirming the IJ's denial of the motion for continuance and remand for further proceedings consistent with our decision.

PETITION GRANTED AND RE-MANDED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.